J-S38015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARMONTI WOMACK | : | |
| | : | |
| Appellant | : | No. 1723 EDA 2022 |

Appeal from the PCRA Order Entered June 2, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006811-2016

BEFORE: KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED APRIL 20, 2023**

Armonti Womack ("Womack") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Womack's court-appointed appellate counsel, Stephen T. O'Hanlon, Esquire ("Attorney O'Hanlon"), has filed a motion to withdraw from representation and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Attorney O'Hanlon's motion and affirm the PCRA court's dismissal order.

In 2017, Womack entered an open guilty plea to various firearm charges. In 2018, the trial court sentenced him to an aggregate term of five to ten years in prison followed by five years of probation. This Court affirmed

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

the judgment of sentence on November 7, 2019. *See Commonwealth v. Womack*, 224 A.3d 747 (Pa. Super. 2019) (unpublished memorandum). Womack did not seek review in our Supreme Court.

On April 19, 2021, Womack filed the instant *pro se* petition, his first. The PCRA court appointed counsel who filed an amended petition. The Commonwealth filed a motion to dismiss the petition. The PCRA court entered a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Womack did not respond to the notice, and on June 2, 2022, the PCRA court entered an order dismissing the petition. Womack filed a timely notice of appeal. The PCRA court did not order him to file a Pa.R.A.P. 1925(b) concise statement. Rather than authoring a Rule 1925(a) opinion, the PCRA court elected to rely on the explanation provided in its dismissal order. *See* PCRA Court Letter in Lieu of Opinion, 7/25/22, at 1 (attaching PCRA Court Order, 6/2/22, at 1); *see also* Pa.R.A.P. 1925(a)(1) (providing that, in lieu of authoring an opinion explaining the reasons for its order, the PCRA court may specify the place in the record where such reasons may be found). In this court, Attorney O'Hanlon has filed a motion to withdraw from representation and a "no-merit" letter pursuant to *Turner*/*Finley*.

Prior to addressing the merits of Womack's issues, we must address Attorney O'Hanlon's motion to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *See Commonwealth v. Pitts*,

981 A.2d 875, 876 n.1 (Pa. 2009).   In **Pitts**, our Supreme Court explained

that such independent review requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

**Id**. (citation and brackets omitted).   Further, PCRA counsel seeking to

withdraw from representation in this Court must contemporaneously forward

to the petitioner a copy of the petition to withdraw that includes a copy of: (1)

the "no-merit" letter; and (2) a statement advising the PCRA petitioner that,

upon the filing of counsel's petition to withdraw, the petitioner has the

immediate right to proceed *pro se*, or with the assistance of privately retained

counsel.  **See Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super.

2016).   Where counsel submits an application to withdraw and "no-merit"

letter that satisfy the technical demands of **Turner**/**Finley**, this Court must

then conduct its own review of the merits of the case.  **See Commonwealth

v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012).   If this Court agrees with

counsel that the claims are without merit, the Court will permit counsel to

withdraw and deny relief.  **Id.**

Here, in the **Turner**/**Finley** "no-merit" letter that Attorney O'Hanlon filed in this Court, he described the extent of his review, identified the issues that Womack raised in his counseled amended petition, and explained why the issues merited no relief. In addition, Attorney O'Hanlon provided Womack with a letter notifying him of counsel's intention to seek permission to withdraw from representation as well as a copy of the **Turner**/**Finley** "no-merit" letter, and advised Womack of his rights *in lieu* of representation. Thus, we conclude that Attorney O'Hanlon has substantially complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). We now independently review Womack's issues to ascertain whether they entitle him to relief.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Any PCRA petition must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Womack did not seek review in our Supreme Court. Therefore, his judgment of sentence became final on December 9, 2019, upon the expiration of the time in which he could have filed a petition for allowance of appeal in our Supreme Court.[2] *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113 (providing that a petition for allowance of appeal must be filed within thirty days after the entry of this Court's order). Womack had until December 9, 2020, to file the instant PCRA petition, but did

_____

[2] The thirtieth day after November 7, 2019, fell on Saturday, December 7, 2019. Therefore, Womack had until Monday December 9, 2019, to file a timely petition for allowance of appeal. *See* 1 Pa.C.S.A. § 1908 (providing that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

not do so until April 19, 2021. Thus, Womack's petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." ***Id***. § 9545(b)(2).

In his amended counseled petition, Womack claimed that: (1) his guilty plea was not entered voluntarily, knowingly, or intelligently; (2) his trial counsel was ineffective; (3) his sentencing counsel was ineffective; and (4) his direct appeal counsel was ineffective. ***See*** Amended PCRA Petition, 9/30/21, at 4. Womack did not assert any timeliness exception in his

amended petition. However, in the memorandum of law in support of the amended petition, Womack acknowledged that his petition was filed more than one year after his judgment of sentence became final, but argued that his petition was timely pursuant to section 9545(b)(1)(ii) because he was "unaware of the issues raised herein until [PCRA counsel] was appointed on April 22, 2021, and [PCRA counsel] concluded that [Womack's] unconditional guilty plea was not entered voluntarily, knowingly, and intelligently and that his prior counsel rendered ineffective assistance of counsel." Memorandum of Law in Support of Amended Petition, 9/30/21, at unnumbered 4.

The PCRA court determined that Womack's petition was untimely and that he failed to plead or prove any exception to the PCRA's time bar. The PCRA court reasoned:

> The time for filing a petition under the [PCRA] expired on December [9], 2020, one year after [Womack's] judgment of sentence became final. [Womack] did not allege or prove that any of the exceptions to the filing deadline set forth in 42 Pa.C.S.[A.] § 9545(b)(1) apply to his petition, so as to extend the time for filing. Because [Womack's] initial *pro se* petition was not filed until April 19, 2021, more than four (4) months after the expiration of the time for filing a PCRA petition, the court is without jurisdiction to address [Womack's] claims or grant relief. Accordingly, the petition must be dismissed as untimely.

PCRA Court Order, 6/2/22, at n. 1 (unnecessary capitalization omitted).

In Attorney O'Hanlon's "no-merit" letter, he states that "Womack has not cited or argued ay exception to the timeliness requirement and, therefore his PCRA [petition] is without merit. "No-Merit" Letter, 9/5/22, at 8.

Our review discloses that, contrary to the assertions made by the PCRA court and Attorney O'Hanlon, Womack did, in fact, purport to invoke a timeliness exception. Specifically, in the brief attached to his counseled amended PCRA petition, Womack acknowledged that his petition was filed more than one year after his judgment of sentence became final, but claimed that his petition was nevertheless timely filed pursuant to section 9545(b)(1)(ii) because he was "unaware of the issues raised herein until [PCRA counsel] was appointed on April 22, 2021, and [PCRA counsel] concluded that [Womack's] unconditional guilty plea was not entered voluntarily, knowingly, and intelligently and that his prior counsel rendered ineffective assistance of counsel." Memorandum of Law in Support of Amended Petition, 9/30/21, at unnumbered 4.

Despite this oversight by both the PCRA court and Attorney O'Hanlon, Womack is not entitled to relief. *See Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa. Super. 2021) (holding that this Court may affirm the PCRA court's order on any legal basis supported by the certified record).

Under the "newly-discovered fact" exception to the PCRA's time bar, a PCRA claim need not be filed within the one-year time restriction where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for

previously known facts. *See Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Thus, where the facts upon which the claim is predicated were **always known** to the petitioner, the exception does not apply.

Here, in his first claim, Womack asserted that his guilty plea was not entered voluntarily, knowingly, or intelligently. Womack sought to invoke to "new fact" exception to the time bar by claiming that he did not discover this fact until PCRA counsel was appointed in April 2021. However, if Womack's guilty plea was not entered voluntarily, knowingly, or intelligently, he would have known this "fact" on October 5, 2017, when he entered his guilty plea.[3] Thus, as Womack could not have satisfied the "new fact" exception to the PCRA's time bar in relation to his guilty plea claim, the PCRA court lacked jurisdiction to consider it.

In his remaining three claims, Womack asserted that his trial counsel, sentencing counsel, and direct appeal counsel were ineffective. Womack sought to invoke to "new fact" exception to the time bar by claiming that he did not discover that all prior counsel were ineffective until PCRA counsel was appointed in April 2021.

---

[3] Moreover, a defendant is bound by the statements he makes during his plea colloquy. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018). Here, Womak is bound by the representations he made to the trial court that his guilty plea was entered voluntarily, knowingly, and intelligently. *See* N.T., 10/5/17, at 28-37.

Our courts have generally rejected attempts to circumvent the PCRA's timeliness requirements by asserting prior counsel's ineffectiveness as a newly discovered fact for purposes of the timeliness exception set forth in section 9545(b)(1)(ii). **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (holding that "subsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling [the petitioner] to the benefit of the exception for after-discovered evidence"); **see also Commonwealth v. Abu-Jamal**, 833 A.2d 719, 725-726 (Pa. 2003) (holding that a PCRA petitioner cannot establish the "new fact" exception merely by alleging that possible ineffective assistance of counsel claims were unknown to the petitioner and could not have been discovered until after present counsel reviewed the petitioner's file). Thus, as Womack's ineffectiveness claims did not constitute a "new fact" for purposes of section 9545(b)(1)(ii), the PCRA court lacked jurisdiction to consider those claims.[4]

Having concluded that Womack failed to assert any "new fact" to invoke the timeliness exception provided by section 9545(b)(1)(ii), the PCRA court

---

[4] While we are mindful that prior counsel's ineffectiveness may constitute a "new fact" for purposes of section 9545(b)(1)(ii) where counsel's ineffectiveness results in the **complete** deprivation of appellate review, **see Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007), the amended petition did not allege any such deprivation, and our independent review discloses none.

lacked jurisdiction to consider the claims raised in the amended petition. On this basis, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Petition to withdraw as counsel granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>*4/20/2023*</u>